IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Francisco Garza,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriffs, et al.,<br><br>　　　　Defendants. | No. CV-05-1816-PHX-SRB (ECV)<br><br>**ORDER** |

　　　Defendant Joseph Arpaio has filed a Motion to Dismiss (Doc. # 9 ). Plaintiff is advised of the following specific provisions of LRCiv 7.2 of the Rules of Practice of the United States District Court for the District of Arizona:

　　　Subparagraph (e) provides:

　　　Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed fifteen (17) pages, exclusive of attachments and any required statement of facts. Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed ten (11) pages, exclusive of attachments.

　　　Subparagraph (i) provides:

　　　If a motion does not conform in all substantial respects with the requirements of this Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily.

　　　If Defendant's Motion to Dismiss seeks dismissal of your Complaint for your failure to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a), the

Court may consider affidavits or other documentary evidence beyond your Complaint. Moreover, if Defendant produces admissible evidence demonstrating that you failed to exhaust your administrative remedies, your Complaint will be dismissed without prejudice unless you produce your own affidavit or other admissible evidence sufficient to show that you did exhaust all available administrative remedies.

**It is Plaintiff's obligation to timely respond to all motions. The failure of Plaintiff to respond to Defendant's Motion to Dismiss may in the discretion of the Court be deemed a consent to the granting of that Motion without further notice, and judgment may be entered dismissing the complaint and action with prejudice pursuant to LRCiv 7.2(i).** *See Brydges v. Lewis*, **18 F.3d 651 (9th Cir. 1994) (per curiam).**

**IT IS THEREFORE ORDERED** that Plaintiff shall have until March 16, 2006 to file a response to Defendant's Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendant shall have until March 31, 2006 to file file any reply.

**IT IS FURTHER ORDERED** that the Motion shall be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

DATED this 14th day of February, 2006.

Edward C. Voss
United States Magistrate Judge

- 2 -